## THE PERCHERON-NORMAN HORSE COMPANY, APPELLANT, v. DOWNEN, APPELLEE.

CONTINGENT CONTRACT—CONSIDERATION.

Plaintiff having bought certain property of one Ireland, sold the same, taking certain promissory notes in payment. Ireland was subsequently charged in a criminal prosecution with the larceny of said property as the bailee of defendant. Thereupon, plaintiff delivered said notes to defendant with the express agreement that defendant should retain them in case of Ireland's conviction, but that it should return them to plaintiff in case of Ireland's acquittal. Neither plaintiff nor defendant was implicated in said criminal charge, and the transaction concerning the delivery of the notes not being intended as a compromise of a criminal offence, nor an attempt to prevent the due administration of justice, it was *held*

that the contract was not illegal, but that it was based upon a valid consideration, and that it could be enforced upon the happening of the contingency specified in the express agreement.

*Appeal from the District Court of Arapahoe County.*

ACTION by David Downen, plaintiff below, against The Percheron-Norman Horse Company, defendant, for breach of contract.

The cause being at issue was by consent of parties in open court referred to Hon. Lucius P. Marsh to try all matters whether of law or of fact, and report finding and judgment. The matters in controversy between the parties sufficiently appear in the opinion.

The referee having heard the evidence reported the same in full to the court, together with the following

"FINDINGS OF FACT.

"I find the facts of this case as follows: I find that during all the times mentioned, one John A. Witter was the general manager of the defendant company; that the notes in question were given to plaintiff for horses and two mules, sold by the plaintiff to the makers of such notes; that the horses and mules so sold had been bought from one Ireland by plaintiff; that the notes so received by plaintiff on a sale of such horses and mules were as follows: Note given by one Stukey for $700; note given by Wm. Cole, $250; note given by Cole & Co., $137.40; that these notes under the agreement named in the complaint and cited herein were delivered by the plaintiff to the defendant company; that said Ireland was tried on such criminal charge and acquitted finally, and thereupon or soon thereafter plaintiff demanded from defendant such notes and the money paid thereon, and defendant refused to pay or deliver either the money or notes to the plaintiff; that Ireland was tried in the criminal court for larceny as bailee of these horses, the defendant herein claiming that such horses belonged to defendant company."

The referee's report concluded with the finding that plaintiff was entitled to judgment for the sum of $1,267.

The findings so reported were, upon due consideration, approved by the trial court, and judgment was accordingly rendered thereon.    The defendant brings this appeal.

Mr. L. R. RHODES and Mr. S. L. CARPENTER, for appellant.

Messrs. BENEDICT & PHELPS, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The only assignments of error requiring consideration are to the effect that the finding and judgment of the court are against the law and the evidence.

Upon careful examination we are satisfied that the findings of fact set forth in the report of the referee are warranted by the evidence, and that, in substance, plaintiff's cause of action as stated in his complaint is fully sustained.    The questions of law necessary to a decision of the case are not difficult.

It appears that in July, 1885, the plaintiff Downen was the holder and payee, and, therefore, presumably the owner of certain promissory notes.    He had received these notes as the consideration for the sale of certain horses and mules. He had bought said animals from one Ireland.    The defendant company disputed plaintiff's title to said animals, and itself claimed to be the true owner of them.    There was a criminal prosecution pending in court against said Ireland, in which he was charged with the larceny of said animals as the bailee of the defendant company.    Thus the title to the animals was an element in the issue of said criminal prosecution.    The decision of the criminal prosecution would, therefore, as a matter of fact, though not as a matter of law, furnish some indication whether plaintiff, or the defendant company, had the better title to said animals.

While said criminal prosecution was thus pending, by an amicable arrangement between plaintiff and the defendant

company, plaintiff delivered the notes to the defendant company with the express agreement that the company should retain the notes as its own, if Ireland should be convicted of the larceny of the horses and mules as charged, but that the defendant company should redeliver the notes to plaintiff, or the proceeds thereof, if Ireland should be acquitted of said charge.

It is true, the parties to this controversy were not, in the absence of contract to that effect, bound to accept the decision of the issue in the criminal prosecution as decisive of their rights in respect to the ownership of said horses and mules. But in respect to the notes the parties made their own contract and were bound by its terms. Inasmuch as plaintiff delivered the promissory notes to the defendant company, and the defendant company accepted the same, upon the sole consideration and condition and upon the express promise that said notes or the proceeds thereof should be returned to plaintiff in case Ireland should be acquitted, we know of no rule of law or equity that would justify the defendant company in retaining said notes or the proceeds thereof in case of Ireland's acquittal.

The contract was not illegal. So far as appears from the record, neither plaintiff nor defendant was implicated criminally in the charge against Ireland. There is no claim that the delivery of the notes was in any sense a compromise of a criminal offense, or that either party was to do or attempt anything to prevent the due administration of justice. The voluntary delivery of the notes by plaintiff to defendant accompanied by the promise that they should be retained in case of Ireland's conviction was, under the circumstances, a valid consideration for defendant's promise to redeliver them to plaintiff in case of Ireland's acquittal. Bishop on Contracts, sec. 494; Parsons on Contracts, p. 438; *Parker v. Enslow*, 102 Ills. 272.

It is undisputed that Ireland was acquitted. From the evidence it appears that the defendant company before the commencement of this action collected considerable money

due upon said notes, and converted the same, together with the unpaid portion of the notes, to its own use.   There is no contention that the notes were not worth their full face value. Upon request by plaintiff for the return to him of said notes or the proceeds thereof, defendant refused to deliver the same to plaintiff or to pay him any of the proceeds.

It is true, the defendant company by its answer claimed to be the owner of the animals sold by plaintiff in consideration for the notes, and also pleaded a compromise with plaintiff of all the matters in the complaint alleged ; but no proof was offered in support of these affirmative defenses.   In fact, the defendant offered no evidence at the trial.   The plaintiff's claim to have the notes or the proceeds thereof returned to him was practically undisputed, and, as we have seen, that was the ultimate matter in controversy.   The determination of the controversy was right upon the law and the evidence.

The judgment of the district court is accordingly affirmed.

*Affirmed.*